Caridad T. TAPURO, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–527.

United States Court of Veterans Appeals.

Submitted Oct. 10, 1991.

Decided Feb. 5, 1992.

Caridad T. Tapuro, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Joan E. Moriarty, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

FARLEY, Associate Judge:

Appellant, Caridad T. Tapuro, appeals an April 16, 1990, Board of Veterans' Appeals (BVA or Board) decision denying her claim for death pension as a "surviving spouse of [a] veteran of a period of war". 38 U.S.C. § 1541(a) (formerly § 541(a)). The record reflects that appellant's late husband, Gabriel A. Tapuro, served in the United States Navy from August 1942 to March 1943. *Caridad T. Tapuro*, BVA 89–08345, at 2 (Apr. 16, 1990). The veteran and appellant were married in the Philippines on March 15, 1980. R. at 48. The veteran died on January 1, 1981. R. at 1, 5. Sometime during the nine and one-half month duration of the marriage, the couple adopted the veteran's three grandnephews, then aged 13, 11 and 9. R. at 27, 28–46 (the Court notes that the submitted documents refer to the adopting father not as Gabriel A. Tapuro but as "Benny Angeles Tapuro". *See, e.g.*, R. at 27, 28. However, since appellant is not, as a matter of law, qualified to a pension, it is not necessary to explore or resolve this inconsistency).

The Regional Office and BVA denied appellant's claim on the basis of 38 U.S.C. § 1541(f) which provides in relevant part:

No pension shall be paid under this section to a surviving spouse of a veteran unless the spouse was married to the veteran—

(1) before ... January 1, 1957, in the case of a surviving spouse of a World War II veteran ...

(2) for one year or more; or

(3) for any period of time if a child was born of the marriage, or was born to them before the marriage.

The corresponding regulation is 38 C.F.R. § 3.54:

A surviving spouse may qualify for pension, compensation, or dependency and indemnity compensation if the marriage to the veteran occurred before or during his or her service or, if married to him or her after his or her separation from service, before the applicable date stated in [t]his section.

(a) *Pension.* Death pension may be paid to a surviving spouse who was married to the veteran:

(1) One year or more prior to the veteran's death, or

(2) For any period of time if a child was born of the marriage, or was born to them before the marriage, or

(3) Prior to the applicable delimiting dates, as follows: ...

(v) World War II—January 1, 1957.

. . . .

(d) *Child Born.* The term *child born of the marriage* means a birth on or after the date of the marriage on which the surviving spouse's entitlement is predicated.... [The] term includes a fetus advanced to the point of gestation required to constitute a birth under the law of the jurisdiction in which the fetus was delivered.

 Since appellant's marriage neither took place prior to January 1, 1957, nor lasted one year or more, she could qualify as a surviving spouse entitled to a pension only if "a child was born of the marriage". 38 U.S.C. § 1541(f)(1)(3); 38 C.F.R. § 3.54(a)(2). However, as the Board correctly indicated in its discussion and evaluation of the record, "the evidence does not show that a child was born of the marriage." *Tapuro,* BVA 89–08345, at 2. Applying the "fundamental canon of statutory construction" that "unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning" *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979); *see also Ardestani v. I.N.S.* — U.S. ——, ——, 112 S.Ct. 515, 519–20, 116 L.Ed.2d 496, 504–05, (1991), the statutory phrase "child ... born of the marriage" of § 1541(f)(3) cannot be expanded by the BVA or this Court to read "child ... born of *or adopted during* the marriage". When a statute is clear and unambiguous, and a term of that statute is "plain on the face of the statute, our statutory inquiry is at an end." *Sullivan v. Stroop,* 496 U.S. 478, 485, 110 S.Ct. 2499, 2504, 110 L.Ed.2d 438 (1990). An adopted child is not a "child ... born of the marriage" for the purpose of determining whether a surviving spouse is qualified for a pension under 38 U.S.C. § 1541 and 38 C.F.R. 3.54.

 Upon consideration of the record, the informal brief of appellant, and the Secretary's motion for summary affirmance, it is the holding of the Court that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed. Cir.1990). Summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990).

Therefore, the Secretary's motion for summary affirmance is granted and the decision of the Board of Veterans' Appeals is AFFIRMED.